**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**TERRELL MCDANIEL**                                                                              **PLAINTIFF**

**v.**                                                                                  **Civil No. 1:19cv936-HSO-RPM**

**SOUTHEASTERN GROCERS, INC.;
WINN DIXIE MONTGOMERY, LLC;
LYNN RUSHING; and JOHN 1-10
DOES**                                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART WITHOUT PREJUDICE DEFENDANTS
SOUTHEASTERN GROCERS, INC. AND WINN DIXIE MONTGOMERY,
LLC'S MOTION [4] TO DISMISS**

BEFORE THE COURT is Defendants Southeastern Grocers, Inc. and Winn Dixie Montgomery, LLC's Motion [4] to Dismiss.  After review of the Motion, the record, and relevant legal authority, the Court finds that Defendants Southeastern Grocers, Inc. and Winn Dixie Montgomery, LLC's Motion [4] to Dismiss should be granted in part as to Plaintiff Terrell McDaniel's claims against Defendant Southeastern Grocers, Inc., and these claims should be dismissed.

The Motion [4] should be denied in part without prejudice as to the remaining claims against Defendant Winn Dixie Montgomery, LLC subject to Defendants' right to re-urge, or to answer or otherwise respond to Plaintiff Terrell McDaniel's Amended Complaint.  Plaintiff Terrell McDaniel's request for leave to file an Amended Complaint should be granted, and he will be directed to file any Amended Complaint no later than August 28, 2020.

## I. BACKGROUND

A.   Factual background[1]

Plaintiff Terrell McDaniel ("McDaniel"), an African American male, began working for Defendant Winn Dixie Montgomery, LLC ("Winn-Dixie") in 2006 and was initially employed as a meat cutter in an area referred to as District 6. Compl. [1] at 3. McDaniel's was promoted on five different occasions during his employment with Winn-Dixie. *Id.* In 2015, he was promoted to be a store manager and, in this role, he consistently outperformed his peers in core areas. *Id.* McDaniel contends that he was highly qualified to work in each of his various roles within Winn-Dixie. *Id.*

McDaniel alleges that in April 2017 his district manager, Defendant Lynn Rushing ("Rushing"), began to purposefully understaff McDaniel's store which resulted in a substantially reduced sales performance. *Id.* Rushing also began to issue McDaniel poor performance reviews, which he claims were based upon fabrications and misconstrued information. *Id.* McDaniel alleges that Caucasian store managers, such as Mike Moore, Keith Anderson, and Mark Tibilier, were given adequate staff and that their serious offenses, such as inaccurate inventory counts and failing company food safety audits, were overlooked. *Id.* Mark Tibilier is alleged to have been "rewarded" with a remodeled store after failing a company food safety audit.

---

[1] All well-pleaded facts in the Complaint are presented in the light most favorable to McDaniel as the plaintiff. *See Alexander v. City of Round Rock*, 854 F.3d 298, 303 (5th Cir. 2017).

In July 2018, McDaniel also complained to Rushing that she was creating a racially hostile work environment by understaffing his store and giving him unwarranted negative performance reviews. *Id.* Following this, Rushing removed McDaniel's highest performing employees and replaced them with under-performing employees. *Id.* at 4. She also began to provide less resources and equipment to McDaniel's store than she had prior to his complaint. *Id.*

McDaniel also complained in April 2019 about the lack of minority representation in District 6 because he was the only minority-salaried employee in the entire District. *Id.* Rushing purportedly angrily dismissed that complaint. *Id.*

Rushing was subsequently promoted to Regional Vice President, in July 2019, and then sent a team of investigators to McDaniel's store. *Id.* According to McDaniel, these investigators falsely accused him of manipulating and inflating inventory. *Id.* McDaniel maintains that this was not a genuine investigation based upon Winn-Dixie's protocol, history, and the relevant facts. *Id.*

On July 11, 2019, McDaniel was terminated based upon what he contends was the baseless allegation that he was inflating inventory. *Id.* McDaniel maintains that Rushing knew that he was innocent of this conduct and that this had not previously been a terminable offense when a Caucasian employee had been accused of similar conduct. *Id.* On the same day McDaniel was terminated, his position was filled by a Caucasian male employee, Keith Anderson. *Id.*

McDaniel filed an EEOC charge on or about July 29, 2019, charging discrimination and retaliation.  *Id.*  He received a right to sue letter on September 9, 2019.  Pl. Ex. 1, EEOC Dismissal [1-1] at 2.

B.   Procedural history

McDaniel filed a Complaint in this Court on December 6, 2019, advancing causes of action against Defendants Southeastern Grocers, Inc. ("SEG") and Winn Dixie (collectively "Corporate Defendants") for race-based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17, race-based discrimination in violation of 42 U.S.C. § 1981, and libel and slander in violation of Mississippi state law.  Compl. [1] at 4-9.  Count I alleges that "Winn-Dixie"[2] violated Title VII by discriminating against McDaniel based upon his race by treating him less favorably than similarly situated Caucasian employees, and by subjecting him to an abusive and hostile work environment.  *Id.* at 4-6.  Count II asserts that "Winn-Dixie"[3] retaliated against McDaniel by terminating him for making a complaint of racial discrimination to Rushing and by materially and adversely changing the terms and conditions of his employment.  *Id.* at 6-7.  Count III claims that "Winn-Dixie"[4] violated 42 U.S.C. § 1981 by discriminating against McDaniel based upon his race by depriving him of the same benefits, privileges, terms, and conditions of employment as Caucasian

[2] Plaintiff's Complaint defines "Winn-Dixie" both as SEG individually and as Corporate Defendants collectively.
[3] The Complaint does not specify whether this Count refers to SEG individually or to Corporate Defendants collectively.
[4] Again, it is unclear if this refers to only one of Corporate Defendants or to both.

employees. *Id.* at 7-8. Count IV alleges that Defendants "each ratified verbally and/or in writing published false information concerning Plaintiff to former co-workers, parents, and members of the community, that Plaintiff was incompetent, all for the malicious purpose of injuring Plaintiff's reputation and inflicting mental anguish." *Id.* at 8-9.

On January 28, 2020, SEG and Winn Dixie filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the grounds that: (1) McDaniel's Complaint is a "shotgun pleading;" (2) McDaniel has not sufficiently stated a claim against SEG as the parent company of Winn Dixie; (3) McDaniel's retaliation claim must fail because the retaliatory conduct he complains of occurred before his protected activity; and (4) McDaniel's conclusory allegations are insufficient to state a defamation claim. *See* Mot. [4].

In Response, McDaniel has agreed to the dismissal of SEG, but argues that he has adequately pled a claim for both retaliation and defamation. *See* Resp. [7]. McDaniel asks that in lieu of dismissal he be granted leave to amend his Complaint. *Id.* at 4. SEG and Winn Dixie maintain that the Complaint is a shotgun pleading and that the causes of action have not been adequately pled. *See* Reply [8].

## II. <u>DISCUSSION</u>

A.     <u>Rule 12(b)(6) legal standard</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and which "raise a right to relief above the speculative level." *Alexander v. City of Round Rock*, 854

5

F.3d 298, 303 (5th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In resolving such a motion, a court must accept "all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Id.* (quoting *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (reviewing a district court's denial of a motion to dismiss based on qualified immunity) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (determining the pleading standard to be used when reviewing a motion to dismiss based upon qualified immunity)).

B.   McDaniel should be granted leave to amend his Complaint

The parties are in agreement that SEG should be dismissed from this suit, and as such the Court will dismiss McDaniel's claims against SEG. However, in doing so a problem arises. McDaniel's Complaint brings claims in Count I, II, and III against "Winn-Dixie," but the Complaint defines "Winn-Dixie" both as SEG, individually, and as Corporate Defendants, collectively. *See* Compl. [1]. It is unclear which Counts were brought against SEG and which are brought against both Corporate Defendants. Thus, while the Court finds that SEG should be dismissed, it is unclear what effect its dismissal has on the allegations in the Counts listed in the Complaint.

Though McDaniel has not submitted a formal motion or a proposed Amended Complaint, the Court is of the opinion that pursuant to Federal Rule of Civil Procedure 15(a)(2), McDaniel should be granted leave to amend his Complaint in

6

order to cure these defects. *See* Fed. R. Civ. P. 15(a)(2) (stating that "[t]he court should freely give leave when justice so requires."). The Court can then have a clear understanding of which of McDaniel's claims remain once SEG is dismissed. Corporate Defendants' Motion to Dismiss will therefore be denied without prejudice, and with leave to reassert upon the filing of any Amended Complaint. McDaniel should be granted leave to amend to cure the defects in his Complaint.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Southeastern Grocers, Inc. and Winn Dixie Montgomery, LLC's Motion [4] to Dismiss is **GRANTED IN PART**, and Plaintiff Terrell McDaniel's claims against Defendant Southeastern Grocers, Inc. are **DISMISSED**. In all other respects, Defendants Southeastern Grocers, Inc. and Winn Dixie Montgomery, LLC's Motion [4] to Dismiss is **DENIED IN PART WITHOUT PREJUDICE** to Defendants' right to re-urge, or to answer or otherwise respond to Plaintiff Terrell McDaniel's Amended Complaint.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Terrell McDaniel's request for leave to file an Amended Complaint is **GRANTED**, and Plaintiff Terrell McDaniel shall file any Amended Complaint on or before August 28, 2020.

**SO ORDERED AND ADJUDGED**, this the 14 day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

7